## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA LYNN WENTZEL            :
451 Hill Road                       :      CIVIL ACTION
Douglassville, PA 19518       :
                               :      NO.: _____
          Plaintiff,        :
                               :
     v.                      :
                               :
HC SALON HOLDINGS, INC. d/b/a HAIR :
CUTTERY FAMILY OF BRANDS    :
33 West Ridge Pike, Suite 369     :      **JURY TRIAL DEMANDED**
Limerick, PA 19468           :
                               :
         Defendant.      :
                               :

## CIVIL ACTION COMPLAINT

Donna Lynn Wentzel (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by HC Salon Holdings, Inc. d/b/a Hair Cuttery Family of Brands (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.      Plaintiff is an adult who resides at the above-captioned address.

8.      HC Salon Holdings, Inc. d/b/a Hair Cuttery Family of Brands is a full-service, value-priced hair salon for the entire family, offering cuts, color, styling, and texture services, at over 500 locations in the United States (including in Pennsylvania).  Plaintiff worked for one such cuttery located at the above-captioned address.

2

9.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11.    Plaintiff was initially hired in or about June of 1999 as a Stylist, though Ratner Companies d/b/a Creative Hairdressers, Inc. (hereinafter "CHI") who employed all Hair Cuttery Stylists.

12.    Throughout her employment with CHI, Plaintiff was a hard-working employee who performed her job responsibilities in a dutiful and highly competent manner.

13.    For example, Plaintiff was promoted to the position of Salon Leader in or about 2002 and then to multi-unit Salon Leader in or about 2012.

14.    Plaintiff's employment continued uninterrupted until CHI filed for bankruptcy in or about 2020, after which CHI was acquired by Defendant on or about June 2, 2020.

15.    Plaintiff was then hired by Defendant effective on or about June 21, 2020.

16.    Plaintiff continued working in the same role and performing the same duties following this transition (in a highly skilled and diligent manner), which were managerial and operational in nature, including overseeing staff, training, and salon operations.

17.    Plaintiff was originally supervised by Defendant's managers, including District Lead, Karen Fisher (hereinafter "Fisher"), and Regional Leader, Alan Harden (hereinafter "Harden").

18.    At all relevant times hereto, Plaintiff had and continues to suffer from several ADA-qualifying disabilities, including but not limited to extensive nerve-damage in her left arm (among other complications/conditions).

3

19. As a result of her aforementioned health conditions, Plaintiff suffers from pain, swelling, stiffness, and mobility issues with her left arm, which (at times) interferes with her ability to perform some major daily life activities, such as prolonged use of her left arm, lifting, and carrying (among other daily life activities).

20. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the essential functions of her position; however, she (at times) required some reasonable medical accommodations (discussed further *infra*).

21. For example, beginning approximately in or about 2022, Plaintiff requested and was approved for the reasonable medical accommodation to refrain from cutting hair which caused significant swelling and pain in her left arm.

22. Plaintiff provided medical documentation to Defendant's management including Fisher and Harden, and Defendant's Human Resources ("HR") Representative, Juan Alvarez (hereinafter "Alvarez"), documenting her need for reasonable accommodations.

23. Plaintiff's accommodation was easily granted by Defendant, as she had only very rarely cut hair for Defendant, only on non-busy weekdays (Defendant's busiest days were weekends), and it was not an essential function of her job.

24. Moreover, as Plaintiff had taken on more and more managerial duties running the salon, Plaintiff rarely had time to cut hair for Defendant.

25. Thus, ***for approximately four (4) years***, Plaintiff did not perform hair-cutting duties and instead carried out her responsibilities as a Salon Leader, as set forth *supra*.

26. However, in or about December of 2025, shortly after new management assumed control, including Regional Leader, Michelle Rafferty (hereinafter "Rafferty"), Plaintiff began experiencing problems with her previously approved accommodations, despite being assured that existing arrangements would remain unchanged.

4

27. Thereafter, following these changes in management and HR, Plaintiff was required to resubmit medical documentation, which again around January 5, 2026, confirmed that her condition was permanent, and to avoid pain and swelling, she should avoid cutting hair– a task that at this point Plaintiff had not performed in over four years and had no time to do so given her leadership duties.

28. However, instead of readily and quickly granting Plaintiff's accommodation request (which was the standard process for Defendant prior to Plaintiff's request), Plaintiff was forced to call HR back one week later, on or January 12, 2026, to check on the progress of her accommodation. At that time, HR advised Plaintiff that it was pending investigation – which heretofore had never happened in Plaintiff's tenure with Defendant regarding accommodations for any employee.

29. Plaintiff was then abruptly terminated or about January 19, 2026, by Defendant's management, including Rafferty and Alvarez, who informed Plaintiff that her accommodation would no longer be approved because cutting hair was purportedly part of Plaintiff's job description.

30. However, hair cutting had never been part of Plaintiff's documented job description nor was it listed on the current job description for Salon Leader that Defendant provided in 2020 (and the only job description Plaintiff was ever given), which states the "primary role of a Salon Leader is to hire, coach, mentor and ensure the growth" of team members and to "effectively manage the operations of the salon."

31. The listed essential job requirements in the 2020 job description emphasize leadership, staffing, training, and operational oversight responsibilities, including interviewing and hiring staff, onboarding, coaching employees, conducting meetings, and managing salon performance.

32.     The 2020 job description does not require a Salon Leader to cut hair on a regular or any basis.[2]

33.     Then, not only did Defendant fail to accommodate Plaintiff's health conditions outright without providing any legitimate reason as to why, it also failed to properly engage in any meaningful interactive process as required under the ADA.

34.     To be clear, cutting hair was the only limitation Plaintiff had as a result of her disabilities, and it was not an essential function of her job.

35.     Although Defendant referenced alleged job description requirements, Plaintiff's position functioned in practice as a managerial role, and she had not been required to perform hair-cutting duties for years while continuing to meet performance expectations.  As a result, Defendant could have easily granted/continued Plaintiff's accommodation request.

36.     Moreover, Defendant was actively hiring stylists for Plaintiff's locations in Limerick Crossing as well as Newtown Square, as business was successful, and Defendant was always looking for clientele for these new hires, obviating any need for Plaintiff to cut hair.

37.     Following Plaintiff's termination, Defendant offered Plaintiff a very small unsolicited severance in exchange for Plaintiff releasing any and all claims against Defendant (including those for discrimination and retaliation) – which she refused to sign.[3]

---

[2] Tellingly, Defendant provided a job description with its Position Statement during the EEOC process that suddenly lists hair cutting as an essential function of the Salon Leader position.  However, this purported standalone job description (with no date) was never provided to Plaintiff, did not exist at the time of her termination, was not and has never been uploaded to ADP (where all job descriptions and the Defendant's handbook are located), and has never been provided to any of the other currently employed Salon Leaders with whom Plaintiff still has contact – nor have they seen it.

[3] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts*); see also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of c claims which are offered contemporaneously with the notice of termination are not covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case

38. There is no doubt that Plaintiff was terminated directly because of her aforesaid health conditions and her requested accommodation(s).

39. Defendant failed to properly accommodate Plaintiff by terminating her in very close proximity to her renewed request for the reasonable accommodation of refraining from hair cutting – a request that had been accommodated for the last four years and which was not considered an essential function of her job.

40. Thus, Plaintiff believes and avers that she was subjected to discrimination and retaliation because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

41. Plaintiff also believes and therefore avers that her disabilities were motivating and/or determinative factors in the termination of her employment by Defendant.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

44. Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

---

that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy)."

45.    Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

46.    Plaintiff requested from Defendant the ability to refrain from cutting hair, which could have continued to be easily granted as it was not an essential function of Plaintiff's job as a Salon Leader, and Defendant was always looking for clientele for the new hires brought on leading up to Plaintiff's termination.

47.    Plaintiff was then terminated from her employment with Defendant, on or about January 19, 2026, in very close proximity to her renewed request for medical accommodation (set forth *supra*).

48.    Defendant failed to properly accommodate Plaintiff by terminating her in very close proximity to her renewed request for the reasonable accommodation of refraining from hair cutting – a request that had been accommodated for the last four years and which was not considered an essential function of her job.

49.    Plaintiff believes and therefore avers that she was subjected to discrimination and retaliation because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations (discussed *supra*); and (4) Defendant's failure to properly accommodate Plaintiff's health conditions (set forth *supra*).

50.    Plaintiff also believes and therefore avers that her disabilities were motivating and/or determinative factors in the termination of her employment by Defendant.

51.    These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (Attn. No. 91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com

Dated: August 4, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Donna Lynn Wentzel                                        :          CIVIL ACTION
                                                         :
                    v.                                   :
                                                         :
HC Salon Holdings, Inc. d/b/a Hair Cuttery Family of Brands          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 8/4/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

---

*RELATED CASE IF ANY:*   Case Number:_____   Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?          Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.          Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WENTZEL, DONNA LYNN

**(b)** County of Residence of First Listed Plaintiff — **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
HC SALON HOLDINGS, INC. D/B/A HAIR CUTTERY FAMILY OF BRANDS

County of Residence of First Listed Defendant — **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (*U.S. Government Not a Party*)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (*Indicate Citizenship of Parties in Item III*)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent – Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury – Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities – Employment / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other / **Other:** | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| | 448 Education / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation – Transfer
- [ ] 8 Multidistrict Litigation – Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (*Do not cite jurisdictional statutes unless diversity*):
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 8/4/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____